UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-998 PA (AJWx) | Date | February 9, 2017 |
|---|---|---|---|
| Title | Langdon Nevada I, LP v. Travelers Cas. Ins. Co. of Am. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed on February 8, 2017, by defendant Travelers Casualty Insurance Company of America ("Defendant"). (Docket No. 1.) Defendant asserts that this Court has jurisdiction over an action brought against it by plaintiff Langdon Nevada I, LP ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    To invoke this Court's diversity jurisdiction, Defendant must establish that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). "[A] partnership is a citizen of all of the states of which its partners are citizens," and an LLC is citizen of all the states of which its members are citizens. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-998 PA (AJWx) | Date | February 9, 2017 |
|---|---|---|---|
| Title | Langdon Nevada I, LP v. Travelers Cas. Ins. Co. of Am. | | |

company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

In an effort to establish Plaintiff's citizenship, the Notice of Removal alleges:

> Plaintiff Langdon Nevada I, LP . . . is a citizen of Nevada. As alleged in the Complaint, Langdon is a limited partnership with its principal place of business in Nevada. Langdon Nevada LLC, a Nevada limited liability corporation [sic], is the general partner of Langdon Nevada I, LP and the only partner registered with the Nevada Secretary of State.

(Docket 1, ¶ 5 (internal citations omitted).)

This fails to adequately establish Plaintiff's citizenship. Here, even if Langdon Nevada LLC is Plaintiff's only partner, which is unclear from this Notice of Removal, its citizenship is not adequately alleged because its citizenship depends on that of each of its members. Defendant does not identify Langdon Nevada LLC's members, nor does it allege their citizenship. As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Defendant has failed to meet its burden to demonstrate that the Court has diversity jurisdiction in this case. Accordingly, the Court remands the action to Los Angeles Superior Court, Case No. BC646156. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.